Citation Nr: 1450475 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-01 845 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to service connection for a left heel disability.

2. Whether new and material evidence has been received to reopen a claim for entitlement to service connection for asthma, also claimed as chronic bronchitis, chronic upper respiratory condition, and chronic pneumonia.

3. Entitlement to service connection for a respiratory disability, diagnosed as chronic bronchitis and chronic pneumonia.


REPRESENTATION

Appellant represented by: The American Legion




WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Taylor, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1968 to December 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran testified at a Travel Board hearing in September 2014 before the undersigned Veterans Law Judge. A transcript of the proceeding has been associated with the claims file.

The Board notes that in the September 2014 Travel Board hearing, the Veteran submitted additional private medical evidence following the most recent Supplemental Statement of the Case (SSOC). However, the Veteran and his representative indicated that they would like to waive initial RO consideration of any new evidence. See 38 C.F.R. § 20.1304 (2014).

The Virtual VA paperless claims processing system includes a hearing transcript from the September 2014 Travel Board hearing. Other documents on the Virtual VA paperless claims processing system are either duplicative of the evidence of record or not pertinent to the present appeal. Documents on the Veterans Benefits Management System (VBMS) are either duplicative of the evidence of record or not pertinent to the present appeal. 


FINDINGS OF FACT

1. In September 2014, prior to the promulgation of a decision in the appeal, the Board received notification from the appellant that a withdrawal of his appeal for entitlement to service connection for a left heel disability, is requested.

2. In a January 1973 rating decision, the RO denied entitlement to service connection for asthma based on the determination that there were no records of treatment in service and a disability was not shown by the evidence of record; after the Veteran was notified of the adverse determination and of his procedural and appellate rights, he did not appeal the rating decision and no new and material evidence was submitted within the applicable appeal period.

3. Since the final January 1973 rating decision, the Veteran has submitted treatment records showing diagnoses of chronic bronchitis and chronic pneumonia, and medical opinions linking these disabilities to his service; this new evidence therefore relates to an unestablished fact necessary to substantiate the claim.

4. The Veteran's respiratory disability, diagnosed as chronic bronchitis and chronic pneumonia, is shown to be related to his military service. 


CONCLUSIONS OF LAW

1. The criteria for withdrawal of the issue of entitlement to service connection for a left heel disability, by the appellant, have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204 (2014).

2. The January 1973 rating decision, which denied the claim of service connection for asthma, became final. 38 U.S.C.A. § 7105(c) (West 2002); 38 C.F.R. §§ 3.104, 3.156, 20.201, 20.302, 20.1103 (2014).

3. The additional evidence received since the final January 1973 rating decision is new and material, and the claim is reopened. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156(a) (2014).

4. The criteria for service connection for a respiratory disability, diagnosed as chronic bronchitis and chronic pneuomonia, have been met. 38 U.S.C.A. §§ 1110, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2002). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2014). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the appellant, in his September 2014 Travel Board hearing, has withdrawn the appeal of entitlement to service connection for a left heel disability. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal of this issue and it is dismissed.

Service Connection

A veteran is entitled to VA disability compensation if there is disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C.A. § 1110. 

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).


The Veteran seeks service connection for a respiratory disability, to include chronic bronchitis, chronic upper respiratory infections, and chronic pneumonia. Specifically, he contends he was hospitalized in service for pneumonia and has had lung issues ever since. 

The Veteran's service treatment records did not reveal any diagnoses of asthma, chronic bronchitis, chronic upper respiratory condition, and/or chronic pneumonia. Records from the Veteran's hospitalization in service were unavailable. However, on the Veteran's separation examination dated in December 1971, the Veteran reported respiratory (asthma) problems which had persisted and required treatment during service for the past three years. 

Post-service private treatment records revealed diagnoses of chronic bronchitis and chronic pneumonia.

In a buddy statement, the Veteran's wife reported that the Veteran was treated multiple times for asthma and bronchitis while in service.

In a September 2014 statement, the Veteran's private treating physician indicated that he had been the Veteran's doctor for the last 15 years. He noted recurrent issues of chronic bronchitis, wheezing, and repeated episodes of pneumonia. The physician indicated that he did not find a clear cut explanation for the Veteran's pulmonary issues because he was a non-smoker and had no childhood history of asthma. He noted that the Veteran reported that he was first hospitalized in service in 1968 for pneumonia. The physician explained that pneumonia can cause scarring in the lungs that may cause permanent injury and lead to recurrent lung infections. The Veteran's physician opined that it was likely that his current medical problems originated during his military service. The Board finds this opinion to be highly probative, as the physician provided a thorough review of the Veteran's entire medical history and a rationale for his findings.

Giving the Veteran every benefit of the doubt, service connection for chronic bronchitis and chronic pneumonia is warranted. 


ORDER

The claim of entitlement to service connection for a left heel disability is dismissed.

New and material evidence having been received, the claim of entitlement to service connection for asthma, also claimed as chronic bronchitis, chronic upper respiratory condition, and chronic pneumonia is reopened.

Entitlement to service connection for a respiratory condition, diagnosed as chronic bronchitis and chronic pneumonia, is granted.




____________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs